IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome Addison, # 243778, ) | C/A No. 8:15-4581-TMC-JDA |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| Joseph McFadden (S.C.D.C.), ) | |
| Defendant. ) | |

Jerome Addison ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff is a South Carolina Department of Corrections ("SCDC") inmate incarcerated at the Lieber Correctional Institution ("Lieber"). He files this action *in forma pauperis* under 28 U.S.C. § 1915. This case is subject to summary dismissal. Additionally, Plaintiff's motion for temporary restraining order ("TRO") and preliminary injunction should be denied.

## **BACKGROUND**

Plaintiff brings this lawsuit against the warden of Lieber, Joseph McFadden. [Doc. 1.] Liberally construed, Plaintiff alleges that he is unlawfully incarcerated in SCDC because his state sentence violated the "ex-post facto" clause of the United States Constitution. [*Id.*] Specifically, Plaintiff alleges that Judge Charles Whetstone ruled on June 20, 1997, that a 1972 felony armed robbery and a 1979 felony voluntary manslaughter were violent and most serious offenses such that the state could seek life without parole if Plaintiff was convicted at trial. [Doc. 1; Doc. 3-3.] Plaintiff alleges that on September 5, 1997, he received a sentence of two consecutive terms of life without parole, which was an illegal sentence. [Doc. 1.]

For his relief, Plaintiff seeks a declaration that Defendant failed to remedy a wrong; $1 million in damages; and an injunction to compel Defendant to cease operation of the state judgment. [*Id.*]

Additionally, Plaintiff filed an accompanying motion for TRO and preliminary injunction. [Doc. 3.] He requests that this Court "suspend[] the operations of the commitment order pending a disposition of [this case]." [*Id.*] The commitment order Plaintiff seeks to suspend is the September 7, 1997, state court order that committed him to the custody of SCDC. [Doc. 3-1.]

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## **DISCUSSION**

### **I. COMPLAINT**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's Complaint should be dismissed because it is frivolous and fails to state a claim on which relief may be granted.  The crux of this action challenges Plaintiff's custody in SCDC as unlawful.  To the extent Plaintiff seeks release from SCDC, release from prison is not available in this civil rights action.[1]  *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973) (attacking the length of duration of confinement is within the core of habeas corpus).

And, Plaintiff's claim seeking damages based on his alleged unlawful confinement in SCDC is premature because he is currently serving a sentence for a conviction that has not yet been invalidated.  In *Heck*, the Supreme Court pronounced,

> . . . in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas

---

[1] Plaintiff has filed several prior habeas actions in this Court pursuant to 28 U.S.C. § 2254 seeking to challenge the same conviction.  This Court granted summary judgment to the Respondent in *Addison v. South Carolina*, C/A No. 2:00-2557-12AJ (D.S.C. Aug. 7, 2001), ECF No. 33.  Later, this Court dismissed a habeas action because it was successive, and Plaintiff had not obtained permission from the Court of Appeals to file a second habeas action.  *See Addison v. Circuit Court Admin.*, C/A No. 2:08-3717-HFF (D.S.C. Dec. 8, 2008), ECF No. 9, 13.

> corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.*

Further, the Supreme Court stated that,

> . . . when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008).

The *Heck* holding applies to this case. Plaintiff alleges his state sentence that he is currently serving is unconstitutional because it somehow violated the ex-post facto clause of the Constitution. Plaintiff does not allege that his conviction and sentence have been invalidated, for example, by a reversal on direct appeal or a state or federal court's issuance of a writ of habeas corpus. A favorable determination on the merits of Plaintiff's § 1983 claim would imply that Plaintiff's criminal conviction and sentence, which he is currently serving, were invalid. Thus, this § 1983 claim should be dismissed because a right of action has not accrued.[2]

Lastly, this action is frivolous because Plaintiff has filed several prior similar civil actions seeking in part to attack the validity of his state conviction and damages based on

---

[2] Because a right of action has not yet accrued, the limitations period will not begin to run until the cause of action accrues. *See Morris v. Cardillo*, C/A No. 0:10-443-JFA-PJG, 2010 WL 2722997, at *2 (D.S.C. April 15, 2010), *adopted by* 2010 WL 2722992 (D.S.C. July 9, 2010).

5

alleged illegal incarceration.  This Court has ruled that the *Heck* rule bars such a claim. *See* Report and Recommendation, *Addison v. South Carolina*, C/A No. 2:08-3649-HFF-RSC (D.S.C. Nov. 6, 2008), ECF No. 6, *adopted by* Order, ECF No. 10.  Thus, Plaintiff has been informed that this type of § 1983 claim has no basis in law, and his bringing such a claim again is frivolous.  *See Nagy v. FMC Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (explaining that "[t]he word 'frivolous' is inherently elastic and 'not susceptible to categorical definition.'"); *Worley v. Keller*, 475 F. App'x 484 (4th Cir. 2012) (a suit is frivolous if it lacks an arguable basis in law or fact).

## II. MOTION FOR TRO AND PRELIMINARY INJUNCTION

Plaintiff's motion for TRO and preliminary injunction [Doc. 3] should be denied. Under the legal standard adopted by our Court of Appeals, Plaintiff is not entitled to a temporary restraining order.  *See Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 607 F.3d 355 (4th Cir. 2010)(*per curiam*) ("On further consideration, we now reissue Parts I and II of our earlier opinion in this case, 575 F.3d at 345–347, stating the facts and articulating the standard for the issuance of preliminary injunctions.").  The standard articulated in *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008), now governs the issuance of preliminary injunctions.  *See Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342 (4th Cir. 2009), *cert. granted and judgment vacated,* 559 U.S. 1089 (2010).  Under the *Winter* standard, Plaintiff must demonstrate "'[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.'"  *Id.* at 346 (quoting *Winter*, 555 U.S. at 20).  All four requirements must be satisfied.  *Id.*  Furthermore, to obtain injunctive relief, Plaintiff must demonstrate

more than the "possibility" of irreparable harm because the "possibility of irreparable harm" standard is inconsistent with the Supreme Court's characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that a plaintiff is entitled to such relief. *Id.*

Here, Plaintiff has not made a showing to demonstrate that any of the four factors weigh in his favor. And, primarily, as discussed above, this case is not likely to succeed on the merits.[3]

## **RECOMMENDATION**

It is recommended that the District Court dismiss this action without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). And, it is recommended that this action be deemed a "strike" pursuant to 28 U.S.C. § 1915(g), based on frivolousness. *See McLean v. United States*, 566 F.3d 391, 399–400 (4th Cir. 2009).

Further, it is recommended that the motion for TRO and preliminary injunction be denied.

**Plaintiff's attention is directed to the important notice on the next page.**

December 2, 2015                                     s/Jacquelyn D. Austin
Greenville, South Carolina                       United States Magistrate Judge

---

[3]Further, Plaintiff cannot satisfy the "attorney certification" requirement for a temporary restraining order required under Rule 65(b)(1)(B) because Plaintiff is not an attorney admitted to practice before this Court.

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).