IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Jerome Addison, | ) | |
| | ) | Civil Action No. 8:15-4581-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Joseph McFadden, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Jerome Addison, a state prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Plaintiff's Complaint be dismissed without prejudice and without issuance and service of process. (ECF No. 14). The magistrate also recommended that Plaintiff's Motion for a temporary restraining order and preliminary injunction (ECF No. 3) be denied. *Id.* Plaintiff was advised of his right to file objections to the Report. (ECF No. 14 at 8). Plaintiff timely filed objections. (ECF No. 16).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In that case, the court reviews the Report only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

As set forth above, Plaintiff filed timely objections to the Report. (ECF No. 14). The court has thoroughly reviewed the Report and Plaintiff's objections and finds no reason to deviate from the Report's recommended disposition. As the magistrate judge points out in her Report, Plaintiff is seeking release from prison - relief which is unavailable in a §1983 action. (Report at 4). And, furthermore, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), monetary relief pursuant to §1983 is unavailable to a plaintiff who cannot show that the underlying conviction was invalidated. (Report 4-5). As for Plaintiff's motion for a temporary restraining order or permanent injunction, as the magistrate judge noted (Report at 7), and because this action is being dismissed, Plaintiff has failed to demonstrate that this action is likely to succeed on its merits and thus should be denied.[1]

Accordingly, the court adopts the conclusions and recommendation set forth in the Magistrate Judge's Report (ECF No. 14) and incorporates it herein.[2]

---

[1] A plaintiff seeking either a temporary restraining order or a preliminary injunction must establish each of the following elements: (1) the likelihood that the plaintiff will succeed on the merits; (2) the likelihood of irreparable harm to the plaintiff if the injunction is not granted; (3) that the balance of equities tips in his or her favor; and (4) that the injunction is in the public interest. *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 19-20 (2008). Addison has made no effort in his motion or in his objections to demonstrate that each of the *Winter* elements has been met.

[2] The court declines to adopt the footnote in the Report in which the magistrate judge notes that Petitioner cannot satisfy Fed.R.Civ.P. 65(b)(1)(B) because this rule requires an attorney to file a certification for a temporary restraining order. (Report at 7 n.3). The court would hold a pro se party can fulfill this requirement by filing his own certification. *See Science Systems & Applications, Inc. v. United States*, C/A No. PWG-14-2212, 2014 WL 3672908 *3 (D. Md. July 22, 2014)("Notice is not required for a TRO, but the moving party's attorney, or the movant himself, in the case of a pro se party, must "certif[y] in writing any efforts made to give notice and the reasons why is should not be required.")(citing Fed.Civ.P. 65(b)(1)(B)); *see also Tchienkou v. Net Trust Mortg.*, C/A No. 3:10-cv-00023, 2010 WL 2375882 (W.D. Va. June 9, 2010). However, as the magistrate judge recommends denying Petitioner's motion for a temporary restraining order on other grounds, this determination by the magistrate judge does not impact the magistrate judge's ultimate conclusion and recommendation. Moreover,

It is therefore **ORDERED** that Plaintiff's Complaint is summarily **DISMISSED** without prejudice and without issuance and service of process. Additionally, Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 3) is **DENIED**.

    **IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

January 26, 2016
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

Petitioner did not file any such certification.

3